PER CURIAM.
The State has moved to dismiss this appeal because of the dereliction of the attorney for the appellant in failing to timely file his brief.
The record of this court shows:
(1) That on July 28, 1965, the Criminal Court of Record of Polk County entered an order extending the time for filing the transcript of record.
(2) On October 25, 1965, a motion was filed in this court for an extension of time to file appellant’s brief, which was denied without prejudice to apply to the trial court.
(3) The Criminal Court of Record, on November 3, 1965, extended the time for filing the appellant’s brief for 30 days, which made appellant’s brief due December 2, 1965. The brief was not filed.
(4) On January 7, 1966, appellant’s attorney filed a second motion to extend time in which to file the brief in question. This court denied the extension January 11, 1966. Appellant’s brief, with the various extensions of time, was due to be filed on December 2, 1965.
The rules are made to be followed and not trifled with.
The attorney representing the appellant in this case has had quite a number of extensions. The State properly moved for the dismissal of the appeal because of the failure of the defendant’s attorney to properly represent and protect this defendant.
To dismiss the appeal, when it may be meritorious, punishes the unfortunate appellant and not his attorney, who is supposedly representing and protecting his client’s rights on this appeal. For this *760 reason, we deny the motion of the State to dismiss the appeal and permit the attorney for the appellant to file a brief in this case.
After the State’s brief has been filed, we will consider the briefs of the parties and dispose of the case without oral argument.
ALLEN, C. J., and LILES and HOB-SON, JJ., concur.